IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN,<br>c/o Carday Associates, Inc.<br>4600 Powder Mill Road, Suite 100<br>Beltsville, MD 20705,<br><br>CHERIE PLEASANT, Trustee, on behalf of the Plasterers' Local Union No. 96 Pension Plan<br>c/o Carday Associates, Inc.<br>4600 Powder Mill Road, Suite 100<br>Beltsville, MD 20705,<br><br>and<br><br>JAMES MILLER, Trustee, on behalf of the Plasterers' Local Union No. 96 Pension Plan<br>c/o Carday Associates, Inc.<br>4600 Powder Mill Road, Suite 100<br>Beltsville, MD 20705,<br><br>               Plaintiffs,<br><br>v.<br><br>SAM SCHOLAR<br>308 Hillwood Avenue, Suite 300<br>Falls Church, VA 22046-2916,<br><br>               Defendant. | Civil Action No. _____ |

## COMPLAINT

Now come Plaintiffs the Plasterers' Local Union No. 96 Pension Plan (the "Plan"); Cherie Pleasant, Trustee, on behalf of the Plan; and James Miller, Trustee, on behalf of the Plan by and through undersigned counsel, and for their Complaint against Defendant Sam Scholar ("Defendant Scholar") state as follows:

## THE PARTIES

1. The Plan is a "pension plan" as that term is defined under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") § 3(2); 29 U.S.C. § 1002(2)(2) that is organized as a "multiemployer plan" as that term is defined under ERISA § 3(37); 29 U.S.C. § 1002(37) and subject to the provisions of ERISA pursuant to ERISA § 4; 29 U.S.C. § 1003.

2. The Plan is jointly-administered by a Board of Trustees consisting of employer appointed and union appointed trustees (the "Board of Trustees"), who are "fiduciaries" and "trustees" as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(a).

3. Plaintiff Cherie Pleasant is a "fiduciary" and "trustee" of the Plan as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(a).

4. Plaintiff James Miller is a "fiduciary" and "trustee" of the Plan as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(a).

5. Defendant Scholar, at all relevant times herein, was licensed to practice law in the District of Columbia, served as legal counsel to the Plan, and provided legal services to the Plan in the District of Columbia.

## JURISDICTION

6. This action arises out of Defendant Scholar's failure to provide competent legal counsel to the Plan and/or its fiduciaries acting on behalf of the Plan with respect to the maintenance and administration of the Plan in compliance with ERISA and the Internal Revenue Code of 1986, as amended (the "Code"). Moreover, Defendant Scholar is a resident of Virginia; the Plan is maintained and administered in Maryland; and the amount in controversy is in excess of $75,0000. Accordingly, jurisdiction is conferred upon this Court under 28 U.S.C. §

1332.

7.  Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) because the conduct giving rise to the claims stated herein occurred in this District.

## PROCEDURAL HISTORY

8.  The Plaintiffs originally filed a negligence action against Defendant Scholar on February 9, 2006 in the United States District Court for the District of Maryland, as part of a complaint that included claims against the former trustees and plan administrator for breaches of their fiduciary duties under ERISA.

9.  Defendant Scholar filed a motion to dismiss, and on March 13, 2007 the Court issued an opinion concluding that Mr. Scholar did not have sufficient contacts with the State of Maryland in his legal practice to confer jurisdiction and, thus, granted the motion to dismiss.

10. [insert relation back statement]

## BACKGROUND FACTS

11. At all relevant times hereto, Defendant Scholar served as legal counsel to the Plan by appointment of the Board of Trustees and, by virtue of such position, Defendant Scholar's duties included counseling the Board of Trustees as to any actions necessary to assure that the Plan was operated and maintained in compliance with ERISA and the applicable tax qualification provisions of the Code.

12. Throughout Defendant Scholar's tenure as legal counsel to the Plan, various federal laws were enacted that affected the administration of the Plan and required the governing Plan documents to be amended and restated including, but not limited to, the Uruguay Round Agreements Act ("GATT"), the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), the Small Business Job Protection Act ("SBJPA"), the Taxpayer Relief Act of 1997 ("TRA '97"), the IRS Restructuring and Reform Act of 1998 ("RRA '98"), the

Economic Growth and Tax Relief Reconciliation Act of 2001 (EGTRRA), and the American Job Creation Act of 2004 ("AJCA").

13. Defendant Scholar was required to keep himself apprised of these changes in the law, to counsel the Board of Trustees as to any required modifications to the Plan's administration pursuant to such changes in the law, and to amend/restate the Plan's governing documents to conform to such changes in the law.

14. Upon information and belief, Defendant Scholar failed to counsel the Board of Trustees regarding modifications to Plan administration and documentation necessitated by GATT, USERRA, SBJPA, TRA '97, RRA '98, EGTRRA, and AJCA as well as other acts of Congress and/or governmental mandates.

15. Moreover, Defendant Scholar failed to modify the Plan's governing documents to comply with GATT, USERRA, SBJPA, TRA '97, RRA '98, EGTRRA, AJCA as well as other acts of Congress and/or governmental mandates.

16. Defendant Scholar's duties as Plan counsel also included providing legal counsel regarding the handling of Plan assets including, but not limited to, the requirements under ERISA with respect to the investment of the Plan's assets as well as the propriety of making payments to certain parties under the Plan.

17. Throughout Defendant Scholar's tenure as legal counsel to the Plan, upon information and belief, the Plan did not have a written investment policy, and, further, the Plan's assets were invested primarily in low yield certificates of deposit and money market accounts, instead of being invested in a prudent, diversified portfolio as required under ERISA.

18. Moreover, after review and approval by Defendant Scholar, Plan assets were paid directly to the contributing employers to the Plan in violation of the terms of the Plan, ERISA, and the Code.

## CAUSE OF ACTION
## (Legal Malpractice)

19.     Plaintiffs incorporate each and every statement contained in paragraphs 1 through 15 above, as if fully restated herein.

20.     At all relevant times hereto, Defendant Scholar served as legal counsel to the Plan.

21.     At all relevant times hereto, Defendant Scholar was paid from assets of the Plan for the provision of legal services to the Plan.

22.     As legal counsel hired to provide the Plan with legal advice with respect to the administration and maintenance of the Plan in compliance with ERISA and the tax qualification and other applicable provisions of the Code, it was the duty of Defendant Scholar to exercise such reasonable skill, care and diligence as members of the legal profession commonly possess and exercise in similar situations.

23.     Defendant Scholar breached such duty of care in that Defendant Scholar failed to advise appropriate Plan fiduciaries as to changes in the law that were required to be reflected in the administration of the Plan and/or required modifications to the terms of the Plan.

24.     Defendant Scholar's failure to advise the appropriate Plan fiduciaries of such changes in the law caused the Plan to be administered and/or maintained out of compliance with ERISA and pertinent provisions of the Code.

25.     Defendant Scholar breached his duty of care to the Plan by failing to counsel the appropriate Plan fiduciaries with respect to actions that should have been taken by such fiduciaries to assure that the investment policy adopted by the Plan complied with ERISA.

26.     Defendant Scholar's failure to advise the appropriate Plan fiduciaries of the legal requirements under ERISA with respect to the investment of Plan assets contributed to the Plan assets being invested in violation of ERISA.

27. Defendant Scholar breached his duty of care to the Plan by failing to counsel the appropriate Plan fiduciaries with respect to actions that should have been taken by such fiduciaries with respect to the payment of Plan assets by the Plan directly to participating employers such as seeking a declaratory judgment from a court of competent jurisdiction prior to allowing the payment of Plan assets directly to participating employers and/or bringing suit to recover such payments once made.

28. The Plan has been harmed by Defendant Scholar's breaches in an amount not yet fully determined, but believed to be in excess of $75,000.

29. Wherefore, Plaintiffs request relief on behalf of the Plan as detailed in the Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs ask this court for the following relief:

1. For judgment to be entered against Defendant Scholar in an amount to be determined, but believed to be well in excess of $75,000;

2. For costs, including attorneys' fees; and

3. For such other relief as this Court deems just and proper.

## REQUEST FOR JURY

The Plaintiffs respectfully requests a jury trial.

                                          Respectfully submitted,

Dated: June 8, 2007

                                          _____
Jonathan G. Rose (Bar No. 446208)
Mandie Landry (Bar No. 499292)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson Street, NW
East Lobby, Suite 700
Washington, DC 20007
(202) 625-3500 – Phone
(202) 298-7570 - Fax
jonathan.rose@kattenlaw.com
*Attorneys for Plaintiff*

Case 1:07-cv-01044-RWR  Document 1-2  Filed 06/08/2007  Page 1 of 2

B
07-1044
RWR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Plasterers' Local Union No. 96 Pension Plan, Cherie Pleasant and James Miller, Trustees, on behalf of the Plasterers' Local Union No. 96 Pension.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Samuel Scholar

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  City of Falls Church
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jonathan G. Rose, Katten Muchin Rosenman LLP, 1025 Thomas Jefferson Street, NW, East Lobby, Suite 700, Washington, DC 20007

Case: 1:07-cv-01044
Assigned To : Roberts, Richard W.
Assign. Date : 6/8/2007
Description: PI/Malpractice

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ⊙ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ⊙ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

|  ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE June 8, 2007   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

