IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, <br><br> and <br><br> CHERIE PLEASANT AND JAMES MILLER, TRUSTEES, ON BEHALF OF THE PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, <br><br>           Plaintiffs, <br><br> v. <br><br> SAMUEL SCHOLAR, <br><br>           Defendant. | Civil Case No.: 1:07cv01044-RWR |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendant, Sam Scholar ("Mr. Scholar"), by counsel, responds as follows to the Complaint filed against him herein.

## ANSWER

### Alleged Parties

1. The allegations contained in the paragraph numbered 1 of the Complaint are admitted upon information and belief.

2. The allegations contained in the paragraph numbered 2 of the Complaint are admitted upon information and belief.

3. Mr. Scholar is without sufficient information to either admit or deny the allegations contained in the paragraph numbered 3 of the Complaint. Accordingly, those allegations are denied.

4. Mr. Scholar is without sufficient information to either admit or deny the allegations contained in the paragraph numbered 4 of the Complaint. Accordingly, those allegations are denied.

5. In response to the allegations contained in the paragraph numbered 5 of the Complaint, Mr. Scholar admits only that he has been licensed to practice law in the District of Columbia during the period of time encompassed by the Complaint. All remaining allegations contained in the paragraph numbered 5 of the Complaint are denied.

### Alleged Jurisdiction

6. In response to the allegations contained in the paragraph numbered 6 of the Complaint, Mr. Scholar admits only that he is a resident of the Commonwealth of Virginia. All remaining allegations contained in the paragraph numbered 6 of the Complaint are denied.

7. The allegations contained in the paragraph numbered 7 of the Complaint are denied.

### Alleged Procedural History

8. The allegations contained in the paragraph numbered 8 of the Complaint are admitted.

9. The allegations contained in the paragraph numbered 9 of the Complaint are admitted.

10. The paragraph numbered 10 of the Complaint fails to contain any substantive allegations. To the extent the paragraph numbered 10 of the Complaint is deemed to contain substantive allegations, those allegations are denied.

### Alleged Background Facts

11. The allegations contained in the paragraph numbered 11 of the Complaint are denied.

12. The allegations contained in the paragraph numbered 12 of the Complaint are denied.

13. The allegations contained in the paragraph numbered 13 of the Complaint are denied.

14. The allegations contained in the paragraph numbered 14 of the Complaint are denied as stated as the allegations are based upon the false premise that Mr. Scholar had a duty to counsel the Board of Trustees (as that term is defined in the paragraph numbered 2 of the Complaint) in the manner alleged in the paragraph numbered 14. Answering further, Mr. Scholar affirmatively avers that he had no duty to counsel the Board of Trustees in the manner alleged in the paragraph numbered 14.

15. The allegations contained in the paragraph numbered 15 of the Complaint are denied as stated as the allegations are based upon the false premise that Mr. Scholar had a duty to modify the governing documents of the Plan (as that term is defined in the paragraph numbered 1 of the Complaint) in the manner alleged in the paragraph numbered 15. Answering further, Mr. Scholar affirmatively avers that he had no duty to modify the governing documents of the Plan in the manner alleged in the paragraph numbered 15.

16. The allegations contained in the paragraph numbered 16 of the Complaint are denied.

17. The allegations contained in the paragraph numbered 17 of the Complaint are denied.

18. The allegations contained in the paragraph numbered 18 of the Complaint are denied.

### Alleged Cause of Action for Alleged Legal Malpractice

19. Mr. Scholar restates his responses to the allegations contained in the paragraphs numbered 1 through 18 of the Complaint as if repeated verbatim herein.

20. The allegations contained in the paragraph numbered 20 of the Complaint are denied.

21. The allegations contained in the paragraph numbered 21 of the Complaint are denied.

22. The allegations contained in the paragraph numbered 22 of the Complaint are denied.

23. The allegations contained in the paragraph numbered 23 of the Complaint are denied.

24. The allegations contained in the paragraph numbered 24 of the Complaint are denied.

25. The allegations contained in the paragraph numbered 25 of the Complaint are denied.

26. The allegations contained in the paragraph numbered 26 of the Complaint are denied.

27. The allegations contained in the paragraph numbered 27 of the Complaint are denied.

28. The allegations contained in the paragraph numbered 28 of the Complaint are denied.

29. In response to the allegations contained in the paragraph numbered 29 of the Complaint, Mr. Scholar denies that he is indebted to the Plan, or to anyone else, for the amounts alleged in the Complaint and/or for any sum whatsoever.

30. Mr. Scholar denies that he owed the Plan and/or any Plaintiff any legal or other duty whatsoever.

31. Mr. Scholar denies that he breached any legal or other duty that he may have owed to the Plan and/or to any Plaintiff.

32. Mr. Scholar denies that the Plan and/or any Plaintiff was injured and damaged as alleged, and calls upon the Plaintiffs for strict proof of each and every item of alleged injury and damage.

33. Mr. Scholar denies that he owes any Plaintiff any attorneys' fees, litigation expenses, court costs and/or other costs, and calls upon the Plaintiffs for strict proof of each and every item of that nature demanded by the Plaintiffs.

34. Mr. Scholar denies any and all allegations contained in the Complaint that he has not expressly admitted above.

## AFFIRMATIVE DEFENSES

1. The allegations in the Complaint fail to state a claim upon which relief can be granted.

2. The Plaintiffs have failed to allege sufficient facts to support a claim for attorneys' fees against Mr. Scholar and the Plaintiffs are not entitled to receive attorneys' fees from Mr. Scholar.

3.  The claims asserted against Mr. Scholar in the Complaint, on present information and belief, are barred and precluded, in whole or in part, by the applicable statute of limitations and/or laches.

4.  The Plaintiffs' claims are barred by the economic loss doctrine and/or the lack of privity of contract between Mr. Scholar, on the one hand, and any of the Plaintiffs, on the other hand.

5.  The claims asserted against Mr. Scholar in the Complaint, on present information and belief, are barred and precluded, in whole or in part, by the negligence and/or breaches of duty of others, for whose acts, omissions and/or breaches Mr. Scholar is not responsible.

6.  The claims asserted against Mr. Scholar in the Complaint, on present information and belief, are barred and precluded, in whole or in part, by the absence of any duty on the part of Mr. Scholar for the matters alleged in the Complaint.

7.  Mr. Scholar did not breach any applicable standard of care.

8.  Mr. Scholar generally denies liability and further states that he did not commit the wrongs alleged in the Complaint.

## RESERVATION

Mr. Scholar reserves the right to amend his Answer and Affirmative Defenses to add additional grounds therefor as he may deem appropriate and/or as he may later become advised.

## JURY DEMAND

Trial by jury is demanded.

## PRAYER

WHEREFORE, and by reason of the foregoing, Mr. Scholar prays that the action and claims asserted against him in the Complaint be dismissed, with prejudice, and that he be awarded his costs and expenses incurred herein.

Dated: July 11, 2007

Respectfully submitted,

SANDS ANDERSON MARKS & MILLER,
A Professional Corporation

/s/ George O. Peterson

George O. Peterson, Esquire
D.C. Bar No. 478050
1497 Chain Bridge Road, Suite 202
McLean, Virginia 22101
703-893-3600 (telephone)
703-893-8484 (facsimile)
gpeterson@sandsanderson.com
*Counsel for Defendant Sam Scholar*

Douglas P. Rucker, Jr., Esquire
Virginia State Bar No. 12776
L. Lee Byrd, Esquire
Virginia State Bar No. 28662
WyteStone Plaza, Suite 1800
801 East Main Street (zip = 23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
(804) 648-1636 (telephone)
(804) 783-7291(facsimile)
*Counsel for Defendant Sam Scholar*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 11th day of July, 2007, a true copy of the foregoing instrument was mailed first-class, U.S. mail, postage prepaid, and sent by electronic transmission through the Electronic Case Filing ("ECF") system to:

>Jonathan G. Rose, Esquire
>Mandie Landry, Esquire
>Katten Muchin Rosenman LLP
>1025 East Thomas Jefferson Street, NW
>East Lobby, Suite 700
>Washington, D.C.  20007


>/s/ George O. Peterson