IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, <br><br> and <br><br> CHERIE PLEASANT AND JAMES MILLER, TRUSTEES, ON BEHALF OF THE PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL SCHOLAR, <br><br> Defendant. | Civil Case No.: 1:07cv01044-RWR |

**PARTIES' LOCAL RULE 16.3 CONFERENCE REPORT**

The Plaintiffs, Plasterers' Local Union No. 96 Pension Plan, et al., by undersigned counsel, and the Defendant Sam Scholar, by undersigned counsel, hereby submit this Report concerning their LCvR 16.3 Conference, which was conducted by telephone on Monday, July 30, 2007. The parties have discussed each of the matters set forth in LCvR 16.3(c), and the report of their discussion follows.

> *1.     Whether the case is likely to be disposed of by dispositive motion, and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery of other matters should await a decision on the motion.*

The parties agree that it is probably unlikely that motions for summary judgment will resolve this case since the case is fact intensive and most likely will require a resolution of expert opinions at trial.

> 2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties believe that new parties should be joined and the pleadings amended no later than 90 days from the commencement of discovery.

The parties concur that formal and informal discovery may permit agreement or narrowing of some factual and legal issues in this case.

> 3. *Whether the case can be assigned to a magistrate judge for all purposes, including trial.*

The parties do not stipulate to a magistrate judge at this time.

> 4. *Whether there is a realistic possibility of settling the case.*

The parties believe that settlement is a realistic possibility, although they candidly believe that discovery will be required before substantive settlement discussions are possible. There is currently pending a parallel case styled Plasterers' Local Union No. 96 Pension Plan, et al. v. Perry, et al.; United States District Court for Maryland, 06cv338-PJM, which Scholar was a defendant before being dismissed for lack of personal jurisdiction. If settlement discussions take place in the Maryland case then counsel would anticipate Scholar joining in those discussion.

> 5. *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution and, if so, which procedure should be used, and should discovery be stayed or limited pending completion of ADR.*

The parties believe that the case might benefit from mediation after the close of discovery.

> 6. *Whether the case can be resolved on summary judgment or motion to dismiss, dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision in the motions.*

The parties agree that it is unlikely that this case may be resolved by summary judgment following the taking of formal and informal discovery. However, the parties have agreed that dispositive motions will be due on or before March 30, 2008. In that regard, the parties agreed to follow this Court's Local Rules regarding timing for filing oppositions to dispositive motions

2

and replies. The parties contemplate that the dispositive motions, if any, will be resolved by the end of April 2008.

> 7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties believe the initial disclosures should proceed as contemplated by Fed. R. Civ. P. 26(a)(1), except that said disclosures be made by all parties on or before August 24, 2007.

> 8. The anticipated extent to discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree that discovery should close on February 29, 2008 and that no protective order is warranted at this time. Also, the parties agree that written discovery will close on January 30, 2008.

> 9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports should set by agreement in conformity with Fed. R. Civ. P. 26(a)(2), with the Plaintiffs' initial disclosure of December 14, 2007, Defendant's initial disclosure of January 15, 2008, and Plaintiffs' rebuttal disclosure of February 8, 2008. The parties respectfully suggest that expert witness depositions be reserved until after the completion of a substantial amount of fact witness discovery has been undertaken and completed.

> 10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

*11.   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that no aspect of this case should be bifurcated, and that no special approach to case management is required at the present time.

*12.   The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties agree that the pretrial conference should be held at the end May 2008.

*13.   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the trial date should be set at the final pretrial conference.

*14.   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties believe that no other matters need be addressed in the Court's Scheduling Order at this time, but reserve the right to address additional issues at the Scheduling Conference on August 31, 2007.

Respectfully submitted,

August 6, 2007

Jonathan G. Rose /s/
_____
Jonathan G. Rose, Esquire (Bar No. 446208)
Mandie Landry (Bar No. 499292)
Katten Muchin Rosenman LLP
1025 East Thomas Jefferson Street, NW
East Lobby, Suite 700
Washington, D.C. 20007
(202) 625-3500
(202) 298-7570 (facsimile)
Jonathan.rose@kattenlaw.com
*Attorneys for the Plaintiffs*

George O. Peterson /s/

---

George O. Peterson, Esq.    D.C. Bar No. 478050
Sands Anderson Marks & Miller, P.C.
1497 Chain Bridge Road
Suite 202
McLean, Virginia 22101
703-893-3600
703-893-8484 (facsimile)
gpeterson@sandsanderson.com
*Counsel for Defendant Sam Scholar*

L. Lee Byrd /s/

---

L. Lee Byrd, Esq. (admitted pro hac vice)
Sands Anderson Marks & Miller, P.C.
WyteStone Plaza, Suite 1800
801 East Main Street (zip = 23219)
P. O. Box 1998
Richmond, Virginia  23218-1998
804-648-1636 (telephone)
804-783-7291 (facsimile)
lbyrd@sandsanderson.com
*Counsel for Defendant Sam Scholar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2007, a true and correct copy of the foregoing Parties Rule 16.3 Report as served by the electronic case filing system:

> Jonathan G. Rose, Esquire
> Mandie Landry, Esquire
> Katten Muchin Rosenman LLP
> 1025 East Thomas Jefferson Street, NW
> East Lobby, Suite 700
> Washington, D.C. 20007

George O. Peterson /s/
_____

George O. Peterson