IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SAM SCHOLAR,<br><br>　　　　　　Defendant. | C.A. No. 1:07-CV-01044-RWR |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15, Plaintiffs the Plasterers' Local Union No. 96 Pension Plan (the "Plan"); Cherie Pleasant, Trustee, on behalf of the Plan; and James Miller, Trustee, on behalf of the Plan, by and through undersigned counsel, hereby respectfully moves for an order granting it leave to file the Amended Complaint which was originally filed with this Court on November 27, 2007 (attached hereto). Plaintiffs submit that it is in the interest of justice that leave be granted as the Amended Complaint is based upon a greater understanding of Defendant's conduct than existed at the time of the filing of the initial Complaint.

Dated: December 10, 2007

Respectfully submitted,

_____/s/_____
Jonathan G. Rose (Bar No. 446208)
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW, 11th Floor East
Washington, DC  20005
Telephone: (202) 772-5390
Fax: (202) 312-9410
jrose@sheppardmullin.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN,** *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) C.A. No. 1:07-CV-01044-RWR |
| v. | ) ) |
| **SAM SCHOLAR,** | ) ) ) |
| Defendant. | ) ) |

### PROPOSED ORDER

Upon consideration of Plaintiffs' Motion for Leave to File Amended Complaint, it is this

\_\_\_\_\_ day of _____, 200\_\_, hereby:

**ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint is **GRANTED**.

_____
Honorable Richard W. Roberts
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2007, I caused a copy of the foregoing Motion for Leave to File Amended Complaint to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

>George O. Petersen, Esq.
>Lloyd Lee Byrd, Esq.
>Sands Anderson Marks & Miller
>1497 Chain Bridge Road Suite 202
>McLean, VA 22101

>_____/s/_____
>Jonathan G. Rose

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SAM SCHOLAR,<br><br>Defendant. | C.A. No. 1:07-CV-01044-RWR |

## AMENDED COMPLAINT

Now come Plaintiffs the Plasterers' Local union No. 96 Pension Plan (the "Plan"); Cherie Pleasant, Trustee, on behalf of the Plan; and James Miller, Trustee, on behalf of the Plan by and through undersigned counsel and for their Complaint against Defendant Samuel Scholar ("Defendant Scholar") state as follows:

### THE PARTIES

1. The Plan is a "pension plan" as that term is defined under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") § 3(2); 29 U.S.C. § 1002(2)(2) that is organized as a "multiemployer plan" as that term is defined under ERISA § 3(37); 29 U.S.C. § 1002(37) and subject to the provisions of ERISA pursuant to ERISA § 4; 29 U.S.C. § 1003.

2. The Plan is jointly-administered by a Board of Trustees consisting of employer appointed and union appointed trustees (the "Board of Trustees"), who are "fiduciaries" and "trustees" as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(a).

3. Plaintiff Cherie Pleasant is a "fiduciary" and "trustee" of the Plan as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(a).

4. Plaintiff James Miller is a "fiduciary" and "trustee" of the Plan as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(a).

5. Defendant Scholar, at all relevant times herein, was licensed to practice law in the District of Columbia, served as legal counsel to the Plan, and provided legal services to the Plan in the District of Columbia

**JURISDICTION**

6. These actions arise out of Defendant Scholar's failure to provide legal counsel to the Plan and/or its fiduciaries acting on behalf of the Plan with respect to the maintenance and administration of the Plan in compliance with ERISA and the Internal Revenue Code of 1986, as amended (the "Code"). Moreover, Defendant Scholar is a resident of Virginia; the Plan is maintained and administered in Maryland; and the amount in controversy is in excess of $75,000. Accordingly, jurisdiction is conferred upon this Court under 28 U.S.C. § 1332.

7. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) because the conduct giving rise to the claims stated herein occurred in this District.

**PROCEDURAL HISTORY**

8. The Plaintiffs originally filed a negligence action against Defendant Scholar on February 9, 2006 in the United States District Court for the District of Maryland, as part of a complaint that included claims against the former trustees and plan administrator for breaches of their fiduciary duties under ERISA.

9. Defendant Scholar filed a motion to dismiss, and on March 13, 2007 the Court issued an opinion concluding that Mr. Scholar did not have sufficient contacts with the State of Maryland in his legal practice to confer jurisdiction and, thus, granted the motion to dismiss.

10. The Plaintiffs filed a legal malpractice action against Defendant Scholar in this Court on June 8, 2007.

## BACKGROUND FACTS

11. At all relevant times hereto, Defendant Scholar served as legal counsel to the Plan by appointment of the Board of Trustees and, by virtue of such position, Defendant Scholar's duties included counseling the Board of Trustees as to any actions necessary to assure that the Plan was operated and maintained in compliance with ERISA and the applicable tax qualification provisions of the Code.

12. Significantly, Defendant Scholar was paid from assets of the Plan for the provision of legal services to the Plan.

13. Defendant Scholar's duties as Plan counsel also included providing legal counsel regarding the handling of Plan assets including, but not limited to, the requirements under ERISA with respect to the investment of the Plan's assets as well as the propriety of making payments to certain parties under the Plan.

14. Throughout Defendant Scholar's tenure as legal counsel to the Plan, upon information and belief, the Plan did not have a written investment policy, and, further, the Plan's assets were invested primarily in low yield certificates of deposit and money market accounts, instead of being invested in a prudent, diversified portfolio as required under ERISA.

15. Moreover, upon information and belief, after review and approval by Defendant Scholar, Plan assets were paid directly to the contributing employers to the Plan in clear violation of the terms of the Plan, ERISA, and the Code.

16. Throughout Defendant Scholar's tenure as legal counsel to the Plan, the Board of Trustees met infrequently, often with one year or more passing between meetings, in violation of a fiduciary duty created under ERISA to act in conformity with the Plan's governing documents which called for an annual meeting every January and bimonthly regular meetings thereafter.

17. Upon information and belief, Defendant Scholar never advised the Board of Trustees that they were under any legal obligation to schedule meetings with any regularity despite the requirements of the Plan's trust agreement and of ERISA's fiduciary provisions.

18. Throughout Defendant Scholar's tenure as legal counsel to the Plan, various federal laws were enacted that affected the administration of the Plan and required the governing Plan documents to be amended and restated including, but not limited to, the Uruguay Round Agreements Act ("GATT"), the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), the Small Business Job Protection Act of 1996 ("SBJPA"), the Taxpayer Relief Act of 1997 ("TRA '97"), the IRS Restructuring and Reform Act of 1998 ("RRA '98"), the Economic Growth and Tax Relief Reconciliation Act of 2001 ("EGTRRA"), and the American Job Creation Act of 2004 ("AJCA").

19. As counsel to a qualified ERISA pension plan, Defendant Scholar was required to keep himself apprised of these changes in the law, to counsel the Board of Trustees as to any required modifications to the Plan's administration pursuant to such changes in the law, and to amend/restate the Plan's governing documents to conform to such changes in the law.

20. Upon information and belief, Defendant Scholar failed to advise the Board of Trustees regarding modifications to Plan administration and documentation necessitated by GATT, USERRA, SBJPA, TRA '97, RRA '98, EGTRRA, and AJCA as well as other acts of Congress and/or governmental mandates.

21. Moreover, Defendant Scholar failed to modify the Plan's governing documents to comply with GATT, USERRA, SBJPA, TRA '97, RRA '98, EGTRRA, AJCA as well as other acts of Congress and/or governmental mandates impacting ERISA-qualified employee benefit plans.

## CAUSES OF ACTION

## COUNT ONE

### (LEGAL MALPRACTICE)

22. Plaintiffs incorporate each and every statement contained in paragraphs 1 through 21 above, as if fully restated herein.

23. As legal counsel hired to provide the Plan with legal advice with respect to the administration and maintenance of the Plan in compliance with ERISA and the tax qualification and other applicable provisions of the Code, it was the duty of Defendant Scholar to exercise such reasonable skill, care and diligence as members of the legal profession commonly possess and exercise in similar situations.

24. Defendant Scholar breached his duty of care in that Defendant Scholar failed to advise the appropriate Plan fiduciaries with respect to actions that should have been taken by such fiduciaries to assure that the investment policy adopted by the Plan complied with ERISA.

25. Defendant Scholar's failure to advise the appropriate Plan fiduciaries of the legal requirements under ERISA with respect to the investment of Plan assets contributed to the Plan assets being invested in violation of ERISA.

26. The Plan has been harmed by Defendant Scholar's breach in this count in an amount not yet fully determined, but believed to be in excess of $2,000,000.

27. Wherefore, Plaintiffs request relief on behalf of the Plan as detailed in the Prayer for Relief.

## COUNT TWO

## (LEGAL MALPRACTICE)

28. Plaintiffs incorporate each and every statement contained in paragraphs 1 through 21 above, as if fully restated herein.

29. As legal counsel hired to provide the Plan with legal advice with respect to the administration and maintenance of the Plan in compliance with ERISA and the tax qualification and other applicable provisions of the Code, it was the duty of Defendant Scholar to exercise such reasonable skill, care and diligence as members of the legal profession commonly possess and exercise in similar situations.

30. Defendant Scholar breached his duty of care in that Defendant Scholar failed to advise the appropriate Plan fiduciaries with respect to the payment of Plan assets by the Plan directly to participating employers such as seeking a declaratory judgment from a court of competent jurisdiction prior to allowing the payment of Plan assets to participating employers and/or bringing suit to recover such payments once made.

31. Defendant Scholar's failure to advise the appropriate Plan fiduciaries of the legal requirements under ERISA with respect to the payment of plan assets to contributing employers contributed to the Plan assets being paid to participatory employers in violation of ERISA.

32. The Plan has been harmed by Defendant Scholar's breach in this count in an amount not yet fully determined, but believed to be in excess of $500,000.

33. Wherefore, Plaintiffs request relief on behalf of the Plan as detailed in the Prayer for Relief.

## COUNT THREE

### (LEGAL MALPRACTICE)

34. Plaintiffs incorporate each and every statement contained in paragraphs 1 through 21 above, as if fully restated herein.

35. As legal counsel hired to provide the Plan with legal advice with respect to the administration and maintenance of the Plan in compliance with ERISA and the tax qualification and other applicable provisions of the Code, it was the duty of Defendant Scholar to exercise such reasonable skill, care and diligence as members of the legal profession commonly possess and exercise in similar situations.

36. Defendant Scholar breached his duty of care in that Defendant Scholar failed to advise the appropriate Plan fiduciaries with respect to their legal obligation under ERISA to comply with the Plan's governing documents which called for annual meetings every January and regular meetings to occur bimonthly thereafter.

37. Defendant Scholar's failure to advise the appropriate Plan fiduciaries of the legal requirements under ERISA with respect to compliance with the Plan's governing documents

contributed to infrequently scheduled meetings, often separated by one year or more, in violation of ERISA.

38. The Plan has been harmed by Defendant Scholar's breach in this count in an amount not yet fully determined, but believed to be in excess of $500,000.

39. Wherefore, Plaintiffs request relief on behalf of the Plan as detailed in the Prayer for Relief.

## COUNT FOUR

## (LEGAL MALPRACTICE)

40. Plaintiffs incorporate each and every statement contained in paragraphs 1 through 21 above, as if fully restated herein.

41. As legal counsel hired to provide the Plan with legal advice with respect to the administration and maintenance of the Plan in compliance with ERISA and the tax qualification and other applicable provisions of the Code, it was the duty of Defendant Scholar to exercise such reasonable skill, care and diligence as members of the legal profession commonly possess and exercise in similar situations.

42. Defendant Scholar breached his duty of care in that Defendant Scholar failed to advise the appropriate Plan fiduciaries as to changes in the law that were required to be reflected in the administration of the Plan and/or required modifications to the terms of the Plan.

43. Defendant Scholar's failure to advise the appropriate Plan fiduciaries of such changes in the law caused the Plan to be administered and/or maintained out of compliance with ERISA and pertinent provisions of the Code.

44. The Plan has been harmed by Defendant Scholar's breach in this count with damages of at least $105,000.

45. Wherefore, Plaintiffs request relief on behalf of the Plan as detailed in the Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ask this court for the following relief:

1. For judgment to be entered against Defendant Scholar in an amount to be determined, but believed to be well in excess of $3,100,000;

2. For costs, including attorneys' fees; and

3. For such other relief as this Court deems just and proper.

## REQUEST FOR JURY

The Plaintiffs respectfully request a jury trial.

Dated: November 26, 2007               Respectfully submitted,

                                       _____/s/_____
                                       Jonathan G. Rose (Bar No. 446208)
                                       Sheppard Mullin Richter & Hampton LLP 1300
                                       I Street, NW, 11th Floor East
                                       Washington, DC  20005
                                       Telephone: (202) 772-5390
                                       Fax: (202) 312-9410
                                       jrose@sheppardmullin.com
                                       *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of November, 2007, I caused a copy of the foregoing Amended Complaint to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

> George O. Petersen, Esq.
> Lloyd Lee Byrd, Esq.
> Sands Anderson Marks & Miller
> 1497 Chain Bridge Road Suite 202
> McLean, VA 22101

_____/s/_____
Jonathan G. Rose